UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILLETTE "KAREN" STEPHENSON,
as Personal Representative of the Estate of
MAURICE MCGRIFF,

    Plaintiff,

vs.      CASE NO.: 8:15-cv-2561-T-24-TBM

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

    Third Party Plaintiff,

vs.

THERESA RIGBY HARDING and ROBERT W.
POPE, ESQ., as Curator of the ESTATE OF
TERRY RIGBY,

    Third Party Defendants.
_____/

**ORDER**

    This cause comes before the Court on Plaintiff's motion to dismiss Third Party Defendant Theresa Rigby Harding due to lack of standing. (Doc. No. 37). Harding opposes the motion. (Doc. No. 40). As explained below, the motion is denied.

**I.  Background**

    This lawsuit involves a dispute over $466,000 in life insurance proceeds. The following is alleged in Plaintiff's complaint and Prudential Insurance Company's Counterclaim/Third Party

Complaint (Doc. No. 2, 4): Maurice McGriff and Terry Rigby were domestic partners. Prudential issued life insurance on Rigby's life, and Rigby named McGriff as the sole beneficiary.

On February 18, 2015, there was a physical altercation between McGriff and Rigby. According to McGriff, he acted in self defense when he caused Rigby to fall and hit his head. Rigby eventually died from his injuries. McGriff was investigated for his role in Rigby's death, but the State Attorney determined that the facts and circumstances did not support prosecution of McGriff for Rigby's death.

McGriff contacted Prudential to claim the life insurance benefits on Rigby's life. Around the same time, Rigby's sister, Theresa Rigby Harding, made a claim for the life insurance proceeds on behalf of Rigby's Estate. Harding's claim was made based on her contention that McGriff could not receive the life insurance proceeds because he killed Rigby.[1] During this time, Harding's authority to act on behalf of Rigby's Estate was revoked, and Robert Pope, Esq. was named the Curator of Rigby's Estate. Because of the competing claims for the life insurance proceeds, Prudential did not pay either claimant.

As a result, McGriff filed this lawsuit against Prudential, in which he seeks a declaration that Prudential must pay him the life insurance proceeds. In response, Prudential moved to implead all of the claimants that could be entitled to the life insurance proceeds—McGriff (the

---

[1] Florida Statute § 732.802(3) provides the following: "A named beneficiary of a . . . life insurance policy . . . who unlawfully and intentionally kills . . . the person upon whose life the policy is issued is not entitled to any benefit under the . . . policy . . .; and it becomes payable as though the killer had predeceased the decedent." Furthermore, because McGriff was not prosecuted for Rigby's death, § 732.802(3) will not operate to preclude McGriff from collecting the life insurance proceeds unless this Court determines by the greater weight of the evidence that McGriff's killing of Rigby was unlawful and intentional. Fla. Stat. § 732.802(5).

named beneficiary), Harding (Rigby's sister), and Pope (the Curator of Rigby's Estate). While this lawsuit was pending, McGriff died, and as a result, the Personal Representative of McGriff's Estate was substituted in his place.

## II.  Motion to Dismiss Harding for Lack of Standing

McGriff's Personal Representative moves to dismiss Harding as a potential claimant in this case. The basis for this argument is that Harding is only a possible recipient of the life insurance proceeds due to her being a contingent beneficiary under Rigby's will. Thus, McGriff's Personal Representative argues that Pope, as the Curator of Rigby's Estate, is the only other proper claimant in this case.

The flaw in McGriff's Personal Representative's argument is that she fails to acknowledge the Beneficiary Rules under the life insurance policy, which provide the following:

> If there is a Beneficiary for the insurance . . .[,] it is payable to that Beneficiary.  Any amount of insurance . . . for which there is no Beneficiary at your death will be payable to the first of the following: your (a) surviving spouse; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate.

(Doc. No. 52-1, p. 3 of 3). Because Harding, as Rigby's sister, is a potential beneficiary under the Beneficiary Rules if McGriff is excluded from taking due to his killing Rigby, she is a proper party claimant in this case. See Carter v. Carter, 88 So. 2d 153, 155 (Fla. 1956)(noting the possible claimants under a similar beneficiary provision). As a result, the Court concludes that Harding has standing and can remain in this case.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's motion to dismiss Harding due to lack of standing (Doc. No. 37) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of September, 2016.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record