UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILLETTE "KAREN" STEPHENSON,
as Personal Representative of the Estate of
MAURICE MCGRIFF,

       Plaintiff,

vs.                                                                 CASE NO.: 8:15-cv-2561-T-24-TBM

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

       Defendant.
_____/

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

       Third Party Plaintiff,

vs.

THERESA RIGBY HARDING and ROBERT W.
POPE, ESQ., as Curator of the ESTATE OF
TERRY RIGBY,

       Third Party Defendants.
_____/

## ORDER

      This cause comes before the Court on Prudential's Motion for Interpleader, Dismissal,

and Attorneys' Fees and Costs (Doc. No. 39), as well as Plaintiff's Motion to Dismiss

Prudential's Interpleader Action (Doc. No. 46).[1]  Both motions are opposed.  (Doc. No. 46, 52).

_____

     [1]The parties are directed to consult the Blue Book when citing to unpublished, WESTLAW, and LEXIS cases; such citations must include the full date of the decision being cited.

As explained below, Prudential's motion is granted in part, and Plaintiff's motion is denied.

## I.  Background

This lawsuit involves a dispute over $466,000 in life insurance proceeds.  Maurice McGriff and Terry Rigby were domestic partners.  Prudential issued life insurance on Rigby's life, and Rigby named McGriff as the sole beneficiary.

On February 18, 2015, there was a physical altercation between McGriff and Rigby. According to McGriff, he acted in self defense when he caused Rigby to fall and hit his head. Rigby eventually died from his injuries.  McGriff was investigated for his role in Rigby's death, but the State Attorney determined that the facts and circumstances did not support prosecution of McGriff for Rigby's death.

McGriff contacted Prudential to claim the life insurance benefits on Rigby's life.  Around the same time, Rigby's sister, Theresa Rigby Harding, made a claim for the life insurance proceeds on behalf of Rigby's Estate.  Harding's claim was made based on her contention that McGriff could not receive the life insurance proceeds because he killed Rigby.[2]  During this time, Harding's authority to act on behalf of Rigby's Estate was revoked, and Robert Pope, Esq. was named the Curator of Rigby's Estate.  Because of the competing claims for the life insurance

---

[2]Florida Statute § 732.802(3) provides the following: "A named beneficiary of a . . . life insurance policy . . . who unlawfully and intentionally kills . . . the person upon whose life the policy is issued is not entitled to any benefit under the . . . policy . . .; and it becomes payable as though the killer had predeceased the decedent."  Furthermore, because McGriff was not prosecuted for Rigby's death, § 732.802(3) will not operate to preclude McGriff from collecting the life insurance proceeds unless this Court determines by the greater weight of the evidence that McGriff's killing of Rigby was unlawful and intentional.  Fla. Stat. § 732.802(5).

proceeds, Prudential did not pay either claimant.[3]

As a result, McGriff filed this lawsuit against Prudential, in which he seeks a declaration that Prudential must pay him the life insurance proceeds.  In response, Prudential moved to implead all of the claimants that could be entitled to the life insurance proceeds—McGriff (the named beneficiary), Harding (Rigby's sister), and Pope (the Curator of Rigby's Estate).  While this lawsuit was pending, McGriff died, and as a result, the Personal Representative of McGriff's Estate was substituted in his place.

## II.  Plaintiff's Motion to Dismiss Prudential's Interpleader Action

Plaintiff (the Personal Representative of McGriff's Estate) moves to dismiss Prudential's interpleader action, arguing that there are not actually any competing claims in this case for the life insurance proceeds.  Specifically, Plaintiff points out that neither Harding nor Pope actually submitted a claim form to Prudential for the policy proceeds.  Instead, all that Prudential received was Harding's allegation that, because McGriff killed Rigby, McGriff was not eligible to collect the proceeds pursuant to Florida Statute § 732.802.  Furthermore, Plaintiff argues that because the State Attorney decided not to prosecute McGriff for Rigby's death, there should be no further question regarding McGriff's entitlement to collect the proceeds.

The Court rejects Plaintiff's arguments.  To begin with, the fact that the State Attorney

---

[3]The Beneficiary Rules under the life insurance policy provide the following:
> If there is a Beneficiary for the insurance . . .[,] it is payable to that Beneficiary.  Any amount of insurance . . . for which there is no Beneficiary at your death will be payable to the first of the following: your (a) surviving spouse; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate.

(Doc. No. 52-1, p. 3 of 3).

declined to prosecute McGriff for Rigby's death does not resolve the issue of whether McGriff is precluded from collecting the life insurance proceeds under Florida Statute § 732.802. The State Attorney would have had to prove *beyond a reasonable doubt* McGriff's guilt in unlawfully causing Rigby's death. Conversely, Florida Statute § 732.802 precludes McGriff from collecting the life insurance proceeds if this Court determines *by the greater weight of the evidence* that McGriff's killing of Rigby was unlawful and intentional. Thus, the standard of proof is much lower to preclude McGriff from collecting the life insurance proceeds. As such, the fact that the State Attorney declined to prosecute McGriff for Rigby's death has no bearing on the application of Florida Statute § 732.802. See Fla. Stat. § 732.802(5)(stating that "[i]n the absence of a conviction of murder in any degree, the court may determine by the greater weight of the evidence whether the killing was unlawful and intentional for purposes of" § 732.802).

Furthermore, while Harding and Pope may not have actually submitted claims to Prudential, it is clear to this Court that Harding has been contesting, and continues to contest, Prudential's payment of the life insurance proceeds to McGriff pursuant to Florida Statute § 732.802. If Harding shows that McGriff unlawfully and intentionally killed Rigby, then she may have a claim for the insurance proceeds due to the life insurance policy's Beneficiary Rules. Furthermore, based on a case cited by *Plaintiff*, it is clear that Prudential's decision to file the interpleader action was appropriate given Harding's contention that McGriff is precluded from collecting the insurance proceeds due to his killing Rigby. See Founders Life Assurance Co. of Fla. v. Harrell, 247 So. 2d 20, 21 (Fla. 1st DCA 1971)(stating that when the state attorney nolle prossed the murder indictment against the beneficiary of the insurance policy, an appropriate course of action would be for the insurance company to implead the funds so that a judicial

determination regarding the proper beneficiary could be made).

Accordingly, the Court concludes that there appears to be competing claims to the life insurance proceeds and that an interpleader action is proper. As a result, the Court denies Plaintiff's motion to dismiss Prudential's interpleader action.

### III.  Prudential's Motion for Interpleader, Dismissal, and Attorneys' Fees and Costs

Prudential moves to deposit the life insurance proceeds with the Court, be dismissed from this case, and be awarded its attorneys' fees and costs.  As explained by one court:

> Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner. [An] Interpleader action proceeds in two stages.  At the first stage, the court determines whether interpleader is proper and whether to discharge the stakeholder from further liability to the claimants.  At the second stage, the court evaluates the respective rights of the claimants to the interpleaded funds.
>
> Interpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund.  In an interpleader action, the burden is on the party seeking interpleader to demonstrate that he is entitled to it, or more specifically, that he has been or may be subjected to adverse claims. When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested.

Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate of Langkau, 353 F. App'x 244, 248 (11th Cir. 2009)(quotation marks and internal citations omitted).

As previously stated with respect to Plaintiff's motion to dismiss the interpleader action, it is clear that Prudential's decision to file the interpleader action was appropriate given the competing claims to the life insurance proceeds.  Therefore, the Court determines that Prudential will be discharged of all liability relating to the payment of the life insurance proceeds after it

deposits the life insurance proceeds into the Court's registry, and the Court dismisses with prejudice all claims against Prudential relating to the payment of the life insurance proceeds.

Plaintiff argues that Prudential should not be dismissed, because Plaintiff has a pending claim for declaratory judgment against Prudential, in which Plaintiff asks the Court to declare that Plaintiff is the rightful beneficiary of the insurance proceeds. The Court rejects this argument, because once Prudential deposits the funds in the Court's registry, Prudential is no longer a necessary party to the determination of the proper beneficiary of the life insurance proceeds. Thus, allowing dismissal of Prudential will not affect the Court's ability to declare the proper beneficiary of the life insurance proceeds.

While the Court is dismissing the claims against Prudential, the Court is not dismissing Prudential from this lawsuit until the Court resolves the issue of Prudential's claimed entitlement to, and the amount of, its attorneys' fees and costs. As such, Prudential is ordered to participate in the mediation that has been set in this case for October 14, 2016 in order to attempt to resolve this issue. If this issue is not resolved at the mediation, then Prudential is directed to file a motion for attorneys' fees and costs that addresses both entitlement to fees and costs (given that Plaintiff filed suit against Prudential prior to Prudential asserting this interpleader action), as well as the amount of the fees and costs being sought.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Prudential's Motion for Interpleader, Dismissal, and Attorneys' Fees and Costs (Doc. No. 39) is **GRANTED IN PART AND DENIED IN PART:** The motion is **GRANTED** to the extent that:

(a)     Prudential is directed to deposit with the Clerk of this Court a check for

$466,000, plus applicable claim interest, if any, which is comprised of

$64,000 in Basic life insurance benefits, $100,000 in Optional life

insurance benefits, $2,000 in Basic Accidental Death and Dismemberment

benefits, and $300,000 in Optional Accidental Death and Dismemberment

benefits (together, the "Death Benefit"), plus any applicable interest, that

may be due and payable as a result of the death of Terry Rigby (the

"Insured") who was insured under Contract Number G-92959 which was

issued by Prudential to the Pinellas County Schools, employer of the

Insured ("the Contract").

(b)     Payment of the Death Benefit to the Clerk of this Court will discharge

Prudential of all liability, and the Court dismisses with prejudice all claims

against Prudential relating to the Contract and/or the Death Benefit.

The motion is **DENIED** to the extent that the Court will not dismiss Prudential

from this action until the issue of Prudential's request for an award of its

attorneys' fees and costs has been resolved.  As such, Prudential is ordered to

participate in the mediation that has been set in this case for October 14, 2016 in

order to attempt to resolve this issue.  If this issue cannot be resolved at the

mediation, then Prudential is directed to file a motion for attorneys' fees and costs

by October 31, 2016.

(2)     Plaintiff's Motion to Dismiss Prudential's Interpleader Action (Doc. No. 46) is

**DENIED**.

7

**DONE AND ORDERED** at Tampa, Florida, this 13th day of September, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record