UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILLETTE "KAREN" STEPHENSON,
as Personal Representative of the Estate of
MAURICE MCGRIFF,

    Plaintiff,

vs.                                                                                                  CASE NO.: 8:15-cv-2561-T-24-TBM

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

    Third Party Plaintiff,

vs.

THERESA RIGBY HARDING and ROBERT W.
POPE, ESQ., as Curator of the ESTATE OF
TERRY RIGBY,

    Third Party Defendants.
_____/

**ORDER**

This cause comes before the Court on Stephenson's Motion for Rule 11 Sanctions. (Doc. No. 65). As explained below, the motion is denied.

**I. Background**

This lawsuit involves a dispute over $466,000 in life insurance proceeds. Maurice McGriff and Terry Rigby were domestic partners. Prudential issued life insurance on Rigby's life, and Rigby named McGriff as the sole beneficiary.

On February 18, 2015, there was a physical altercation between McGriff and Rigby. According to McGriff, he acted in self defense when he caused Rigby to fall and hit his head. Rigby eventually died from his injuries. McGriff was investigated for his role in Rigby's death, but the State Attorney determined that the facts and circumstances did not support prosecution of McGriff for Rigby's death. Specifically, the State Attorney noted that because Rigby died and there was no other witnesses to the incident beyond McGriff, the State would be unable to "rebut all reasonable hypothesis of [McGriff's] innocence." (Doc. No. 63-1, p. 7).

McGriff contacted Prudential to claim the life insurance benefits on Rigby's life. Around the same time, Rigby's sister, Theresa Rigby Harding, made a claim for the life insurance proceeds on behalf of Rigby's Estate. Harding's claim was made based on her contention that McGriff could not receive the life insurance proceeds because he killed Rigby.[1] During this time, Harding's authority to act on behalf of Rigby's Estate was revoked, and Robert Pope, Esq. was named the Curator of Rigby's Estate. Because of the competing claims for the life insurance proceeds, Prudential did not pay either claimant.[2]

---

[1]Florida Statute § 732.802(3) provides the following: "A named beneficiary of a . . . life insurance policy . . . who unlawfully and intentionally kills . . . the person upon whose life the policy is issued is not entitled to any benefit under the . . . policy . . .; and it becomes payable as though the killer had predeceased the decedent." Furthermore, because McGriff was not prosecuted for Rigby's death, § 732.802(3) will not operate to preclude McGriff from collecting the life insurance proceeds unless this Court determines by the greater weight of the evidence that McGriff's killing of Rigby was unlawful and intentional. Fla. Stat. § 732.802(5).

[2]The Beneficiary Rules under the life insurance policy provide the following:
> If there is a Beneficiary for the insurance . . .[,] it is payable to that Beneficiary. Any amount of insurance . . . for which there is no Beneficiary at your death will be payable to the first of the following: your (a) surviving spouse; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate.

As a result, McGriff filed this lawsuit against Prudential, in which he seeks a declaration that Prudential must pay him the life insurance proceeds.  In response, Prudential moved to implead all of the claimants that could be entitled to the life insurance proceeds—McGriff (the named beneficiary), Harding (Rigby's sister), and Pope (the Curator of Rigby's Estate).  While this lawsuit was pending, McGriff died, and as a result, Millette Stephenson (the Personal Representative of McGriff's Estate) was substituted in McGriff's place.

## II.  Motion for Rule 11 Sanctions

Stephenson argues that Rule 11 sanctions against Harding are warranted, because Harding has no competent, admissible evidence to support her claim that McGriff intentionally and unlawfully killed Rigby, such that Florida Statute § 732.802(3) would preclude McGriff from receiving the life insurance proceeds.  Additionally, Stephenson argues that Harding asserts a claim to the life insurance proceeds in bad faith and for the improper purpose of dragging this matter out in protracted legal proceedings and to cause McGriff financial distress.

Federal Rule of Civil Procedure 11 provides, in relevant part, the following:

> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law . . . ; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).  The court in Baker v. Alderman, set forth the following standard of review for the imposition of sanctions under Rule 11:

---

(Doc. No. 52-1, p. 3 of 3).

> In filing a pleading in a federal court, an attorney certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and "is not presented for any improper purpose." The objective standard for testing conduct under Rule 11 is "reasonableness under the circumstances" and "what was reasonable to believe at the time" the pleading was submitted. This court requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous. Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose. Although sanctions are warranted when the claimant exhibits a "deliberate indifference to obvious facts," they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law. Sanctions may be appropriate when the plain language of an applicable statute and the case law preclude relief. However, the purpose of Rule 11 is to deter frivolous lawsuits . . . . The grant of summary judgment, in and of itself, does not mean that an action is frivolous or warrants the imposition of sanctions.

Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998)(footnotes with citations omitted).

Upon review of the filings in this case, the Court concludes that Rule 11 sanctions are not warranted. The Court concludes that Harding's argument that Florida Statute § 732.802(3) applies and would preclude McGriff from receiving the life insurance proceeds is not a frivolous contention. Furthermore, the Court concludes that Harding is not pursuing this claim in bad faith or for an improper purpose.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Stephenson's Motion for Rule 11 Sanctions (Doc. No. 65) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of October, 2016.

*[Signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record

4