UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILLETTE "KAREN" STEPHENSON,
as Personal Representative of the Estate of
MAURICE MCGRIFF,

      Plaintiff,

vs.                                    CASE NO.: 8:15-cv-2561-T-24-TBM

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

      Defendant.
_____/

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

      Third Party Plaintiff,

vs.

THERESA RIGBY HARDING and ROBERT W.
POPE, ESQ., as Curator of the ESTATE OF
TERRY RIGBY,

      Third Party Defendants.
_____/

**ORDER**

      This cause comes before the Court on four motions: (1) Harding's Motion to Extend Pretrial Discovery Deadline (Doc. No. 64), which Stephenson opposes (Doc. No. 68); (2) Stephenson's Motion for Summary Judgment (Doc. No. 63), which Harding opposes (Doc. No. 66); (3) Stephenson's Motion to Strike Harding's affidavit and documents attached to her response to Stephenson's motion for summary judgment (Doc. No. 78); and (4) Harding's Motion for Summary Judgment (Doc. No. 76). Robert Pope, Esq., as curator of the Estate of

Terry Rigby, has not filed a response to any of these motions.

## I.  Background

This lawsuit involves a dispute over $466,000 in life insurance proceeds.  Maurice McGriff and Terry Rigby were domestic partners.  Prudential issued life insurance on Rigby's life, and Rigby named McGriff as the sole beneficiary.

On February 18, 2015, there was a physical altercation between McGriff and Rigby.  According to McGriff, he acted in self defense when he caused Rigby to fall and hit his head.  However, McGriff gave conflicting versions of the incident when he called 911 and when the police arrived at the scene.  For example, when McGriff called 911, he initially downplayed his role in the altercation, he stated that Rigby swung and hit him, and then he later told the police that Rigby swung at him and missed.

Rigby eventually died from his injuries.  McGriff was investigated for his role in Rigby's death, but the Pinellas County State Attorney made the decision not to prosecute McGriff for Rigby's death, because the State Attorney did not believe that there was sufficient evidence to obtain a conviction.  Specifically, the State Attorney noted that because Rigby died and there were no other witnesses to the incident beyond McGriff, the State would be unable to "rebut all reasonable hypothesis of [McGriff's] innocence."  (Doc. No. 63-1, p. 7).

McGriff contacted Prudential to claim the life insurance benefits on Rigby's life.  Around the same time, Rigby's sister, Theresa Rigby Harding, made a claim for the life insurance proceeds on behalf of Rigby's Estate.  Harding's claim was made based on her contention that

McGriff could not receive the life insurance proceeds because he had killed Rigby.[1] During this time, Harding's authority to act on behalf of Rigby's Estate was revoked, and Robert Pope, Esq. was named the Curator of Rigby's Estate. Because of the competing claims for the life insurance proceeds, Prudential did not pay either claimant.[2]

As a result, McGriff filed this lawsuit against Prudential, in which he seeks a declaration that Prudential must pay him the life insurance proceeds. In response, Prudential moved to implead all of the claimants that could be entitled to the life insurance proceeds—McGriff (the named beneficiary), Harding (Rigby's sister), and Pope (the Curator of Rigby's Estate).[3] While this lawsuit was pending, McGriff died, and as a result, Millette Stephenson (the Personal Representative of McGriff's Estate) was substituted in McGriff's place.

## II. Stephenson's Motion to Strike (Doc. No. 78)

Stephenson moves to strike portions of Harding's affidavit and documents attached to her response to Stephenson's motion for summary judgment. Upon consideration, the Court denies the motion, and the Court will consider all of Harding's filings in connection with the pending

---

[1] Florida Statute § 732.802(3) provides the following: "A named beneficiary of a . . . life insurance policy . . . who unlawfully and intentionally kills . . . the person upon whose life the policy is issued is not entitled to any benefit under the . . . policy . . .; and it becomes payable as though the killer had predeceased the decedent."

[2] The Beneficiary Rules under the life insurance policy provide the following:
> If there is a Beneficiary for the insurance . . .[,] it is payable to that Beneficiary. Any amount of insurance . . . for which there is no Beneficiary at your death will be payable to the first of the following: your (a) surviving spouse; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate.

(Doc. No. 52-1, p. 3 of 3).

[3] Prudential has deposited the life insurance proceeds into the Court's registry.

3

summary judgment motions.

### III.  Harding's Motion to Extend Discovery (Doc. No. 64)

Harding moves to extend the October 18, 2016 discovery deadline in this case by thirty days.  First, she moves to extend the discovery deadline due to her serving interrogatories and requests for production too late.  Harding also seeks an extension in order to depose Stephenson and a neighbor of Rigby and McGriff, because she did not attempt to set their depositions until September 21, 2016.  Finally, Harding seeks an extension due to a newly discovered retirement account that belonged to Rigby; however, the Court fails to see the relevancy of the retirement account (or any other assets) to this case.

Upon consideration, the Court concludes that Harding has failed to show good cause for the requested extension, and as such, her motion is denied.  The main issue in this case is whether McGriff unlawfully killed Rigby.  There is no evidence or argument suggesting that anyone witnessed the altercation on February 18, 2015, and as such, the requested discovery is not necessary in order for the Court to make a finding as to the main issue in this case.

### IV.  Cross-Motions for Summary Judgment (Doc. No. 63, 76)

As previously stated, the main issue in this case is whether McGriff unlawfully killed Rigby, and Florida Statute § 732.802, known as the Slayer Statute, controls this Court's analysis. Section 732.802(3) provides the following: "A named beneficiary of a . . . life insurance policy . . . who unlawfully and intentionally kills . . . the person upon whose life the policy is issued is not entitled to any benefit under the . . . policy . . .; and it becomes payable as though the killer had predeceased the decedent."  Pursuant to § 732.802(5), because McGriff was not convicted of causing Rigby's death, § 732.802(3) will not operate to preclude Stephenson (as the Personal

Representative of McGriff's Estate) from collecting the life insurance proceeds unless this Court determines by the greater weight of the evidence that McGriff's killing of Rigby was unlawful and intentional.

Both parties move for summary judgment on the applicability of the Slayer Statute. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id. (citation omitted).

In ruling on these cross-motions for summary judgment, the Court has viewed the evidence in the light most favorable to Harding. Stephenson concedes that McGriff acted intentionally by arguing that McGriff acted in self-defense. Killing in self-defense is considered an intentional act. See Congleton v. Sansom, 664 So. 2d 276, 280 (Fla. 1st DCA 1995). As such, the only issue before the Court is whether McGriff acted unlawfully.

There are no living witnesses to the altercation, and the evidence before the Court regarding the details of the altercation consist of the 911 call, police report, autopsy findings, and the State Attorney's decision not to prosecute. The Court has considered the fact that McGriff

gave conflicting versions of the incident when he called 911 and when the police arrived at the scene.  The Court has also considered the other evidence submitted by Harding, including her affidavit that she believed that McGriff and Rigby had a troubled relationship and that McGriff considered Rigby his "sugar daddy."  However, the totality of the evidence before the Court does not prove that it is more likely than not that McGriff acted unlawfully when he pushed Rigby, rather than that he acted in self-defense.  Given due consideration to the record before the Court, the Court concludes that Harding has not and cannot show that McGriff acted unlawfully when he pushed Rigby, and as such, the Slayer Statute does not apply.  This Court notes that its determination that the Slayer Statute does not apply is consistent with the state probate court's determination on the same set of facts with the same parties before it.  (Doc. No. 78-2).

## V.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Harding's Motion to Extend Pretrial Discovery Deadline (Doc. No. 64) is **DENIED**.

(2) Stephenson's Motion to Strike Harding's affidavit and documents attached to her response to Stephenson's motion for summary judgment (Doc. No. 78) is **DENIED**.

(3) Harding's Motion for Summary Judgment (Doc. No. 76) is **DENIED**.

(4) Stephenson's Motion for Summary Judgment (Doc. No. 63) is **GRANTED**.  The Court further concludes that Stephenson is entitled to the insurance proceeds at issue in this case.

(5) The Clerk of the Court shall pay Millette Stephenson, as the Personal

        Representative of the Estate of Maurice McGriff, the remaining funds that Prudential deposited into the Court's registry (after deducting the $14,000 paid to d'Arcambal Ousley & Cuyler Burk LLP in care of Jodie L. Ousley, Esq.), plus interest, if any. (Doc. No. 61, 62, 74).

(6)    The hearing that was scheduled for November 10, 2016 is cancelled.

(7)    The Clerk is directed to enter judgment for Stephenson and then to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of November, 2016.

*[signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record